# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOSEPH WILSON LEWIS,**

    **Plaintiff,**

                                   **Civil Action 2:18-cv-603**
    v.                                 **Judge George C. Smith**
                                   **Magistrate Judge Elizabeth P. Deavers**

**O.D.R.C.,**

    **Defendant.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Joseph Wilson Lewis, who is proceeding without the assistance of counsel, is an inmate under the control of the Ohio Department of Rehabilitation and Correction. ("ODRC") and brings this prisoner civil rights action under 42 U.S.C. § 1983. On June 19, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*. (ECF No. 3.) This matter is now before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims for failure to assert any claim on which relief may be granted.

**I.**

Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief maybe granted. 2 8 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill* v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.**

According to the Complaint, Defendant was temporarily housed at the Mansfield Correctional Institution ("MCI") in Richland, County, Ohio. (ECF No. 1-2 at 5-6.) Plaintiff's

claims arise from events that occurred while he was incarcerated under ODRC control at MCI. In his Complaint, Plaintiff names only the "State of Ohio, 'ODRC'" as Defendants, rather than the individuals responsible for the alleged refusal to treat his seizure disorder. (ECF No. 1 at 1.) Plaintiff seeks unspecified declaratory relief and compensatory damages. (ECF No. 1-2 at 6.)

The Eleventh Amendment to the United States Constitution precludes a private party from bringing suit against a state or any of the state's agencies unless the state has expressly consented to the suit or Congress has properly abrogated the state's sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996); *Alabama v. Pugh*, 438 U.S. 781 , 782 (1978). "Ohio has not waived its sovereign immunity in federal court." *Mixon v. Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999). And "Congress did not intend to override well-established immunities or defenses under the common law" by enacting § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). Accordingly, there are very limited exceptions to state and state actor immunity here. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009). First, a plaintiff may bring a claim against a state official acting in his or her official capacity if the plaintiff seeks only "prospective injunctive or declaratory relief." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 276-78 (1986)). Second, a plaintiff may bring a claim for monetary damages against a state official in his or her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165- 68 (1985); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).

Because none of the limited exceptions to Eleventh Amendment immunity apply here, the Undersigned finds that Plaintiff has failed to state a claim on which relief may be granted.

### III.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim on which relief may be granted. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's

claims pursuant to Section 1915(e)(2). If Plaintiff intended to name the individuals responsible for the alleged refusal to treat his seizure disorder and mistakenly named only O.D.R.C., he may file an Amended Complaint. (ECF No. 1 at 1.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: July 26, 2018        /s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE